IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-0-304-MSK-BNB

HELEN GRANATO,

Plaintiff,

v.

CITY AND COUNTY OF DENVER,
DENVER HEALTH AND HOSPITAL AUTHORITY,
ILYA KHAZANOV, and
JOEL SIMONSON,

Defendants.
_____

**ORDER**
_____

This matter arises on **Defendants' Motion to Stay Discovery Pending Resolution of Rule 72(a) Objections, Including Motion to Vacate Scheduling Conference** [Doc. # 30, filed 3/18/2011] (the "Motion to Stay Pending Objection"), which is DENIED.

Suit is brought against the City and County of Denver; Denver Health and Hospital Authority; and two paramedics, Khazanov and Simonson. The plaintiff is an 84 year old woman.

The paramedics were dispatched to the plaintiff's home in response to a 911 emergency call. The plaintiff was experiencing dizziness and was unsteady on her feet. The Amended Complaint alleges:

> Defendant Khazanov and Simonson arrived in Plaintiff's home
> without a gurney or stretcher. They found Plaintiff at her table.
> After briefly assessing Plaintiff, they informed Plaintiff that they
> were going to carry her to the ambulance. Plaintiff told
> Defendants Khazanov and Simonson that she did not wish to be

> carried and that she was capable of walking without assistance. Plaintiff, who was alert and competent, also told Defendants Khazanov and Simonson that she had very fragile skin.
>
> \* \* \*
>
> Defendants Khazanov and Simonson refused Plaintiff's medical and self-determination request to ambulate on her own and instead forcibly grabbed her by the arms and legs against Plaintiff's consent, against her expressed wishes, and without the use of a stretcher or gurney.
>
> \* \* \*
>
> While in the back of the ambulance, Defendant Khazanov prepared a large-bore, 18-gauge needle to administer fluids.
>
> Plaintiff, who was fully awake, alert and cognizant of her surroundings, told Defendant Khazanov that she did not wish to have a needle placed in her arm and that she had particularly delicate veins in her arm. She thus refused to consent to placement of the needle and IV, and made her medical care and self-determination request known to Defendant Khazanov.
>
> In spite of Plaintiff's refusal, and directly against her wishes and directives, Defendant Khazanov attempted to place this large-bore needle in Plaintiff's arm. He did not succeed in placing the needle properly, and the contents of the IV infiltrated into Plaintiff's surrounding arm tissue, causing serious and painful damage to her arm.

Amended Complaint [Doc. # 6] at ¶¶9-10, 14-16. Plaintiff asserts claims under 42 U.S.C. § 1983 for constitutional violations and for negligence.

All defendants have moved to dismiss. The individual defendants' motion to dismiss includes the defense of qualified immunity, and they sought to stay discovery pending a resolution of the qualified immunity defense. Motion to Stay [Doc. # 11]. Denver filed a Response In Support of Motion to Stay [Doc. # 19] which sought a discretionary stay of discovery as against it, noting that Denver has moved to dismiss based on sovereign immunity and a lack of subject matter jurisdiction and that a stay was appropriate until the "many immunity and other legal issues asserted by the parties" are resolved. Id. at ¶6.

I applied the factors set out in Rome v. Romero, 225 F.R.D. 640, 643-44 (D. Colo. 2004), and granted a stay of discovery as against the individual defendants, except insofar as they have evidence as witnesses to the events at issue." Order [Doc. # 21]. Any discovery taken against the individual defendants had to be "limited, targeted discovery, as to their role as witnesses about what happened," "narrowly drafted," and not burdensome. Transcript of Proceedings on March 7, 2011 [Doc. # 34] at p. 23 line 18 through p. 24 line 3. The motions to stay discovery were otherwise denied. I noted in making my ruling that motions to dismiss frequently take six months from filing to be determined and that such a delay can result in lost evidence, failed memories, and the like. Id. at p. 24 lines 4-11.

The Motion to Stay Pending Objection essentially makes the same arguments as the motions to stay discovery and asserts that my decision is wrong.

A stay of a magistrate judge's discovery order should be granted sparingly. Allowing such stays as a matter of course would encourage the filing of frivolous objections and grind the magistrate judge system to a halt. See Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989). As the court noted in National Excess Ins. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D. N.M. 1991):

> Discovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and speedy resolution of pretrial disputes. . . . Ill-considered "strategic" objections to a magistrate judge's orders threaten to undermine these goals and do a disservice to the parties, who presumably are themselves primarily interested in a speedy resolution of their disputes.

A stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling *and* where a failure to render a stay could result in serious, irreversible injury to the party seeking the stay. See Adams v. Gateway, Inc., 2004 WL

3

733990 *2 (D. Utah Jan. 5, 2004) (stating that there is no existing authority concerning the standard for a stay pending resolution of an objection to a magistrate judge's order by adopting a four part test involving "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay is not granted; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest").

Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like. There are no such concerns here.

I have followed and applied Rome v. Romero, a decision of the district judge assigned to this case. The likelihood that the defendants will prevail on their objection in view of the clarity of the district judge's guidance appears unlikely. I perceive no irreparable harm if a total and complete stay of discovery is not granted; my order requires the individual defendants to do no more than any other witness to the events, and any discovery directed to them as percipient witnesses must be narrowly tailored and cannot be burdensome. Substantial harm in the form of degraded evidence may result if a complete stay of discovery is granted. And I do not perceive any risk of harm to the public as a result of my order.

IT IS ORDERED that the Motion to Stay Pending Objection [Doc. # 30] is DENIED.

Dated April 7, 2011.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge